## MERRILL SMITH *v.* D. F. SMITH.

**Signatures—Expert Testimony.**

> The conclusions of expert witnesses are entitled to very little weight where they do not agree, either in their test or reasoning.

### APPEAL FROM GARRARD CIRCUIT COURT.

January 4, 1872.

OPINION BY JUDGE LINDSAY:

The proof conducing to show that the signatures to the disputed papers are genuine is neither convincing nor satisfactory. Those who profess to be acquainted with the handwriting of appellant are by no means positive in their opinions that the disputed signatures are genuine.

The conclusions of the experts are entitled to very little consideration. They do not agree either, in their tests or reasoning. A personal inspection of all the papers, those conceded to be genuine, and those disputed, satisfies us, either that appellant's genuine signature made at different times differed so much that it could not be said to be characteristic, or else that the same person did not sign all the papers before us. Besides this the circumstances of the case incline us to doubt very greatly whether appellant owed to appellee any debts other than those

secured by the mortgage. No reason is given why the $900, paid October 23, 1865, was credited on the debts secured by the mortgage instead of being applied to the payment of those which were not secured, if in point of fact such debts were claimed to exist when Poore was endeavoring to induce appellee to advance the money necessary to enable appellant to pay the judgment in favor of Wilds. Upon the contrary, appellee conceded his indebtedness to appellant and induced Poore to renew his note to Wilds upon the idea that he would finally advance the necessary amount to pay the same in part satisfaction of the devise of his father to appellant.

Upon the whole case we are not inclined to think that the testimony preponderates in favor of the genuineness of the signatures to the disputed papers, and are of opinion that the injunction should have been dissolved except as to the balance due on the debts secured by the mortgage.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.

*McKee, Dunlap,* for appellant.
*Owsley & Burdett,* for appellee.